UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY J. BURNETT,<br><br>  Plaintiff,<br><br>  v.<br><br>NBS DEFAULT SERVICES, LLC; JOHN and JANE DOES, 1-100,<br><br>  Defendants. | No. 2:19-cv-367-JAM-EFB PS<br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

The complaint alleges that plaintiff's father, Lee Roy Burnett (the "decedent"), executed a promissory note to obtain a loan for the purchase of real property located at 1877 18th Street, Olivehurst, California (the "property"). *Id*. at 2. Sometime after the decedent's death in early 2016, defendant NBS Default Services LLC—the beneficiary of the promissory note and servicer for the decedent's loan—allegedly commenced non-judicial foreclosure proceedings. *Id*. at 1-2. On January 7, 2019, plaintiff, who is the sole beneficiary of the decedent's estate, mailed defendant a request for information regarding its policies and procedures for dealing with successors in interest, but defendant failed to respond. *Id*. at 2-3. Based on these allegations, plaintiff alleges claims for violation of the Real Estate Settlement and Procedures Act

("RESPA"), 12 U.S.C. §§ 2601 *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 45 *et seq.*; and a state law claim for breach of the covenant of good faith and fair dealing. *Id*. at 3-9.

    Plaintiff's allegations are insufficient to state a claim for violation of RESPA. That act requires borrowers be provided certain disclosures related to the mortgage loan settlement process. 12 U.S.C. § 2601. It also requires that loan servicers respond to qualified written requests ("QWR") from borrowers seeking information relating to the servicing of their loan. 12 U.S.C § 2605(e). Although plaintiff alleges defendant failed to respond to his request for information, the complaint reflects that the decedent, and not plaintiff, was the borrower under the loan. *See Lal v. American Home Servicing, Inc.*, 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010). ("RESPA, 12 U.S.C. § 2605(e), requires that loan servicers timely respond to qualified written requests ('QWRs') *from borrowers*.") (emphasis added). Furthermore, the complaint contains no allegations reflecting plaintiff assumed any obligations under the loan after his father's death. *Aldana v. Bank of Am., N.A.*, 2014 WL 6750276, at *3 (C.D. Cal. Nov. 26, 2014) (dismissing RESPA claim where the plaintiff was "not a borrower, did not assume obligations under the loan, and was not a third-party beneficiary of the [Deed of Trust]."); *see also Brockington v. J.P. Morgan Chase Bank, N.A.*, 2009 WL 1916690, at *2–3 (N.D. Cal. July 1, 2009) (even though the plaintiff alleged that she was an "equitable owner" of property, the plaintiff did not have standing to challenge the defendant's conduct in connection with that loan because the plaintiff was not a party to the loan).

    Likewise, plaintiff fails to state an FDCPA claim because he does not allege that he was obligated to repay the decedent's loan. To recover under the FDCPA (1) the plaintiff must be a "consumer," (2) the defendant must be a "debt collector," and (3) the defendant must have committed some act or omission that violated a provision of the FDCPA. *See* 15 U.S.C. § 1692a(3)-(6); *Alonso v. Blackstone Financial Group LLC*, 962 F. Supp. 2d 1188, 1193-94 (E.D. Cal. 2013). Under the FDCPA, a "consumer" is defined as any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

/////

3

1    Plaintiff's FDCPA claim also fails because he does not adequately allege defendant is a
2 "debt collector" for purposes of the FDCPA. "The Act defines the term 'debt collector' to
3 embrace anyone who regularly collects or attempts to collect . . . debts owed or due . . . another."
4 *McNair v. Maxwell & Mortgage PC*, 893 F.3d 680, 682 (9th Cir. 2018) (some internal quotations
5 omitted) (quoting *Henson v. Santander Consumer USA Inc.*, ––– U.S. –––, 137 S.Ct. 1718,
6 1721, 198 L.Ed.2d 177 (2017)). An entity is not a "debt collector" where "its only role in the
7 debt collection process is the enforcement of a security interest." *Vien-Phuong Thi Ho v.*
8 *ReconTrust Co.*, NA, 858 F.3d 568, 573 (9th Cir. 2016) (internal quotations omitted); *see Casault*
9 *v. Federal Nat. Mortg. Ass'n*, 915 F. Supp. 2d 1113, 1126 (C.D. Cal. Nov. 26, 2012) ("FDCPA's
10 definition of debt collector does not include the consumer's creditors, a mortgage serving
11 company, or any assignee of the debt, so long as the debt was not in default at the time it was
12 assigned."). Although plaintiff claims that the defendant is a "debt collector" as that term is
13 defined by the FDCPA (ECF No. 1 at 6), he does not provide any factual allegations to support
14 that conclusion.
15    Plaintiff also claims that defendant violated the FTCA by engaging in fraudulent and
16 deceptive commercial practices. ECF No. 1 at 7-8. The FTCA, however, does not create a
17 private right of action. *Carlson v. Coca-Cola Co.*, 483 F.2d 798, 280 (9th Cir. 1973); *Kerr v. Am.*
18 *Home Mortg. Serv'g, Inc.*, 2010 WL 3743879 (S.D. Cal. Sep. 22, 2010) ("It is well-established
19 that there is no private right of action for violation of the FTCA; only the Federal Trade
20 Commission has standing to enforce it"). Accordingly, plaintiff cannot state a claim under the
21 FTCA.
22    Lastly, plaintiff fails to allege claim for violation of the covenant of good faith and fair
23 dealing. Under California law, every contract carries with it an implied covenant of good faith
24 and fair dealing. *Carma Developers, Inc. v. Marathon Development Cal., Inc.*, 2 Cal. 4th 342,
25 371 (1992). A party breaches this duty when it acts in a way that deprives another contracting
26 party of benefits conferred by the contract. Therefore, "[t]he prerequisite for any action for
27 breach of the implied covenant of good faith and fair dealing is the existence of a contractual
28 relationship between the parties." *Smith v. City & County of San Francisco*, 225 Cal. App. 3d 38,

1  49 (1990). The complaint is devoid of any allegations reflecting a contractual relationship
2  between plaintiff and defendant. Consequently, plaintiff fails to state a claim for breach of the
3  covenant of good faith and fair dealing.
4      Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff
5  is granted leave to amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)
6  (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any
7  deficiency in their complaints). Any amended complaint must allege a cognizable legal theory
8  against a proper defendant and sufficient facts in support of that cognizable legal theory. Should
9  plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the
10 allegations against each defendant and shall specify a basis for this court's subject matter
11 jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs,
12 each limited as far as practicable to a single set of circumstances," as required by Federal Rule of
13 Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the
14 left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any
15 amended complaint shall also use clear headings to delineate each claim alleged and against
16 which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead
17 clear facts that support each claim under each header.
18     Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
19 make an amended complaint complete. Local Rule 220 requires that an amended complaint be
20 complete in itself. This is because, as a general rule, an amended complaint supersedes the
21 original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once
22 plaintiff files an amended complaint, the original no longer serves any function in the case.
23 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
24 alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
25 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.*
26 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to
27 comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order
28 may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

III.    Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  August 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE